UNITED STATES of America,
Appellee,

v.

Dale STEWART, Defendant–Appellant.

No. 03–1059.

United States Court of Appeals,
Second Circuit.

June 10, 2004.

Laurie S. Hershey, Law Officers of Laurie S. Hershey, Manhasset, New York, for Appellant.

David A. Ring, Assistant United States Attorney, (William J. Nardini, Assistant United States Attorney, on the brief), for Kevin J. O'Connor, United States Attorney, District of Connecticut, Bridgeport, Connecticut, for Appellee.

Present: MINER, RAGGI, Circuit Judges, and MARRERO,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Dale Stewart was convicted after a jury trial of conspiring to violate, and actually violating, the Hobbs Act by robbing and brutally murdering drug dealer Audley Patrick Palmer and his seventeen-year-old girlfriend Samantha Mitto. *See* 18 U.S.C. §§ 1951, 2. Stewart was also convicted of obstructing justice. *See id.* § 1512(b)(1). He is presently incarcerated, serving the maximum possible prison sentence of fifty years.

In appealing his conviction, Stewart asserts that the evidence adduced was insufficient to establish that (a) he aided and abetted in the substantive Hobbs Act crime, (b) his actions, even if criminal, were part of a Hobbs Act conspiracy, and (c) either Hobbs Act charge affected interstate commerce. He further argues that the district court constructively amended or impermissibly varied the indictment by instructing jurors that they could convict him as an aider and abettor, rather than a principal, on the substantive Hobbs Act charge. Because the record does not reflect that Stewart raised any of these challenges before the district court, we review for plain error. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

---

* The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

*I. Sufficiency of the Evidence*

When faced with a challenge to the sufficiency of the evidence supporting a criminal conviction, we must affirm if the evidence, when viewed in its totality, *see United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000), and in the light most favorable to the government, *see United States v. LaSpina*, 299 F.3d 165, 180 (2d Cir.2002), would permit any rational jury to have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Gaskin*, 364 F.3d 438, 459–60 (2d Cir.2004). Applying these principles to this case, we conclude that Stewart's sufficiency challenge is without merit.

a. *The Substantive Hobbs Charge*

■ Witness testimony and crime scene evidence provided strong circumstantial evidence that Stewart had the motive, means, and opportunity to commit the substantive Hobbs crime. *See United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998). We cite only a few examples of such evidence.

Witness testimony indicated that Stewart and Palmer had recently quarreled about drug proceeds and that Stewart had vowed to kill Palmer and to take his money. The day before the Palmer/Mitto killings, Stewart communicated his murderous intent to a confederate, Weston Forbes, in a discussion at Stewart's girlfriend's apartment during which handcuffs and flex cuffs were displayed. The latter fact was significant in light of evidence that Palmer's hands had been restrained when he was killed. Further, stab wounds sustained by Palmer and Mitto were consistent with those that could have been inflicted by two knives subsequently discovered missing from Stewart's girlfriend's apartment.

Stewart's girlfriend testified that on the day of the murders, Stewart was obsessed with Palmer's whereabouts, directing her to contact him on Forbes's cell phone if she learned that Palmer was in his apartment. Later that evening, when Stewart and Forbes returned together to the girlfriend's apartment, the men acted suspiciously, with Stewart locking himself in a room until both men had showered and changed, conduct consistent with the bloody nature of the killings. Although his girlfriend offered to wash his clothes, Stewart insisted on taking them with him. As he departed, Stewart warned the young woman that if anyone came to her door, she should call 911. After Stewart was arrested in this case, he urged his girlfriend to lie about his whereabouts on the day of the Palmer/Mitto murders by saying he was in Philadelphia. Earlier, Forbes had also cautioned Stewart's girlfriend not to disclose that he had been in Hartford at the time of the murders.

In challenging the sufficiency of this and other evidence implicating him in the Palmer/Mitto killings, Stewart submits that his girlfriend was not a credible witness, that others had equally strong motives to want Palmer dead, and that many of his actions were as consistent with innocence as guilt. These arguments were properly presented to the jury, but that body having rejected the inferences urged by Stewart, we defer to its findings. *See United States v. Dhinsa*, 243 F.3d 635, 648–49 (2d Cir.2001); *United States v. Morrison*, 153 F.3d at 49. We conclude that the cited evidence, when viewed in the light most favorable to the prosecution, suffices to support a guilty verdict on the substantive Hobbs charge. *See United States v. Nelson*, 277 F.3d 164, 196–97 (2d Cir.2002).

b. *The Conspiracy Charge*

Stewart submits that, even if the evidence establishes his own involvement in the Palmer/Mitto killings, nothing indi-

cates that he acted in criminal concert with any other person. Specifically, he asserts that the evidence was insufficient to establish anything but mere presence on the part of Weston Forbes. We disagree. The totality of circumstantial evidence, much of which we have already outlined, fairly established that Forbes both knew of Stewart's intent to kill Palmer and joined in the scheme, intending by his own actions to help it succeed. *See United States v. Gaskin*, 364 F.3d at 460–61; *United States v. Svoboda*, 347 F.3d 471, 477 (2d Cir.2003).

#### c. The Interstate Commerce Element

■ The Hobbs Act jurisdictional requirement of an interstate commerce nexus imposes on the government only a minimal burden, which may be satisfied by showing even a very slight or only potential effect on interstate commerce. *See United States v. Elias*, 285 F.3d 183, 188 (2d Cir.), *cert. denied*, 537 U.S. 988, 123 S.Ct. 430, 154 L.Ed.2d 356 (2002); *United States v. Arena*, 180 F.3d 380, 389 (2d Cir.1999). The government easily satisfied this burden in Stewart's case by showing that the Palmer/Mitto murders were in furtherance of a plan to steal drugs and drug proceeds, both of which had been brought into Connecticut from New York. *See United States v. Fabian*, 312 F.3d 550, 556 (2d Cir.2002).

#### II. Constructive Amendment or Variance of the Substantive Hobbs Act Charge

"To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment."

*United States v. Frank*, 156 F.3d 332, 337 (2d Cir.1998) (per curiam); *see United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir.2003); *United States v. Mucciante*, 21 F.3d 1228, 1233 (2d Cir.1994). Stewart has not—and cannot—make this showing.

The indictment in Stewart's case expressly charged him with violating 18 U.S.C. § 2 in conjunction with 18 U.S.C. § 1951; thus Stewart was given actual notice that he could be convicted of aiding and abetting the substantive Hobbs Act crime. *See United States v. Mucciante*, 21 F.3d at 1234. Under such circumstances, Stewart "cannot seriously contend that his indictment was amended by the addition of an aiding and abetting instruction." *Id.* Although the text of the indictment does not refer to aiding and abetting, the language is not drawn so narrowly "as to restrict the government to proving" Stewart's participation in the charged crime only as a principal. *Id.*

Stewart's variance argument is similarly without merit. "A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Frank*, 156 F.3d at 337 n. 5 (internal quotation marks and emphasis omitted); *see United States v. Salmonese*, 352 F.3d at 621. The evidence offered at trial supported Stewart's conviction as either a principal or an aider and abettor of the substantive Hobbs Act charge and, thus, did not materially differ from the facts alleged in the indictment.

Because we conclude that Stewart's arguments on appeal are uniformly without merit, the district court's judgment of conviction is hereby AFFIRMED.